UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-23177-CIV-TORRES

ISAAC ARROYO,

       Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

       Defendant.

_____/

**OMNIBUS ORDER**

This matter is before the Court on Plaintiff Isaac Arroyo's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis Status [D.E. 20], that was filed on September 22, 2025. Plaintiff has also filed other pending motions in the case, including a motion for leave to amend his complaint [D.E. 9], as well as discovery and fee related motions that remain pending. [D.E. 10, 11, 12]. This matter was assigned to the undersigned Magistrate Judge for appropriate disposition. [D.E. 2]. After consideration of the record, this Order follows.

    **A.**    *__Motion for Leave to Amend Complaint__*

On September 2, 2025, the Court entered an Order denying Plaintiff's IFP motion without prejudice. [D.E. 16 at 5]. As explained in detail in that Order, the statute regarding "[p]roceedings in forma pauperis," 28 U.S.C. § 1915(e)(2)(B), empowers district courts to "dismiss the case at any time if the court determines that

. . . the action or appeal[:] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)–(iii). Based on Plaintiff's sparse allegations in the original complaint, we concluded that we could not deem Plaintiff's claims non-frivolous, sufficient to grant in forma pauperis relief under. § 1915. [D.E. 16 at 3]. Accordingly, in the Order denying Plaintiff's IFP motion without prejudice, we allowed Plaintiff to either (1) respond to the pleading issues (with a written response or further amended complaint); or (2), continue with his original complaint as-pled, so long as Plaintiff paid the filing fee. *Id.* at 4–5. Plaintiff was given until September 30, 2025, to comply with the Order. *Id.* at 5.

Plaintiff responded in the Renewed Motion that he is not pressing frivolous claims and is complying with the requirements of 5 U.S.C. § 552 to challenge the Department of Homeland Security's failure to address his FOIA requests. The Court's Order, however, noted that evidence in the record showed otherwise. There is thus a disconnect between what Plaintiff is claiming he is alleging versus what his current complaint is actually alleging. Our September 2d Order explained that it is not at all clear to us what injury he is still claiming and what relief he was seeking.

As to this issue, the Court overlooked Plaintiff's request filed on August 13, 2025, for leave to file an amended complaint to add new allegations. [D.E. 9]. Given Plaintiff's request for leave to amend his complaint, the Court agrees that he should have that opportunity especially in light of the Court's failure to see what relief he was truly seeking in the case. An amended complaint may alleviate the Court's

2

concerns as to what he is actually alleging in this case that § 552 could remedy, which would then show why the complaint is not frivolous. Therefore, the motion to amend is GRANTED and Plaintiff should file a cogent complaint that sets forth all the elements of the claim under the FOIA. Plaintiff must thus clearly allege, in a short and plain statement of his claim, under 5 U.S.C. § 552(a)(4)(B), why federal jurisdiction can address how and when a federal agency has (1) "improperly"; (2) "withheld"; (3) "agency records." "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

### B.   *IFP Status and Renewed Motion for Leave*

While he is amending his complaint, Plaintiff must also address the Court's concerns with respect to the financial requirements necessary to satisfy § 1915 to authorize *in forma pauperis* treatment. Plaintiff's current motion for leave claims that he has clearly demonstrated that he meets those financial requirements. That too is not at all clear in this record.

The Court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (*per curiam*) (alterations added; citations omitted). The Court's determination is limited to "whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307. "Such an affidavit will be

3

held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Plaintiff's IFP Motion fails to show Plaintiff is unable to pay the filing fee while supporting himself and any dependents. Plaintiff does not list an employer and appears to have no cash or money in a bank account, yet he reports a monthly income of $3,200. [D.E. 5]. Plaintiff also lists that he has a financial obligation of $6,000 for an unnamed credit card and inexplicably lists a $20,000 monthly financial obligation without providing any supporting details. The absence of additional information pertaining to Plaintiff's assets, liabilities, and expenses leaves the Court unable to adequately assess Plaintiff's IFP status. *See Thomas v. Chattahoochee Jud. Cir.,* 574 F. App'x 916, 917 (11th Cir. 2014) (explaining that courts must "compare[] [a plaintiff's] assets to [his] liabilities to determine whether" he may proceed IFP).

In other words, it is not clear why Plaintiff's monthly expenses total $29,285.00 or why Plaintiff's monthly income of $3,200 does not allow payment of the Court's filing fee. Without more information, the Court cannot determine whether Plaintiff satisfies the requirement of poverty for purposes of § 1915.

Therefore, in addition to amending his complaint, Plaintiff must also file a more comprehensive affidavit of his income and expenses to enable the Court to make the necessary finding in this case. His pending Renewed Motion for Leave to Proceed in Forma Pauperis [D.E. 20] is thus DENIED without prejudice.

C.     *Premature Motions*

While these important predicate matters are addressed, the Court cannot authorize any substantive relief, like that contemplated in Plaintiff's pending motion for attorneys' fees. [D.E. 10].   Nor can the Court authorize any discovery in the case, as requested in the pending motion to compel. [D.E. 11].   Finally, the Court cannot authorize service of the complaint unless the Court finds the Plaintiff indigent.   The pending motion for issuance of the Summons is thus also premature. [D.E. 12].

The amended complaint and a second renewed motion for leave with supporting evidence of indigency should be filed within twenty-eight days.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of October, 2025.

/s/     *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge